16-87-cr
*United States v. Jones*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of June, two thousand eighteen.

PRESENT:  JOHN M. WALKER, JR.,
          JOSÉ A. CABRANES,
          REENA RAGGI,
                    *Circuit Judges.*

───────────────────────────────

UNITED STATES OF AMERICA,

                    *Appellee,*                    16-87-cr

                    v.

RASHAUD JONES,

                    *Defendant-Appellant,*

CHARLES TYSON, MADELAINE RIVERA,

                    *Defendants.*[1]

───────────────

[1] The Clerk of Court is respectfully directed to amend the caption as above.

**FOR APPELLEE:**  GEOFFREY M. STONE, Assistant United States Attorney (Marc H. Silverman, Assistant United States Attorney, *on the brief*), *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT.

**FOR DEFENDANT-APPELLANT:**  NORMAN A. PATTIS & BRITTANY B. PAZ, Pattis & Smith, LLC, New Haven, CT.

Appeal from an order of the United States District Court for the District of Connecticut (Michael P. Shea, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment of conviction and sentence is **AFFIRMED.**

Defendant-Appellant Rashaud Jones appeals from a judgment of conviction entered on January 8, 2016, after a jury found him guilty on all seven counts of a seven-count indictment, charging him with, among other things, conspiracy to distribute and to possess with intent to distribute 280 grams or more of cocaine base, possession with intent to distribute various quantities of cocaine base and cocaine, and possession of a firearm in furtherance of a narcotics trafficking crime. The district court sentenced Jones principally to 211 months' imprisonment.

On appeal, Jones argues that we should vacate his conviction because the district court erred by: (1) denying his motion to suppress evidence seized from a warrantless search of a car used by him; (2) denying his motion to suppress evidence seized from his apartment; (3) permitting witness Madelaine Rivera to testify regarding her

drug-trafficking activities with Jones prior to the period charged in the indictment; (4) instructing the jury about inferences that they could make if they found that Jones was the sole occupant of the car; and (5) applying a two-level Sentencing Guidelines enhancement for obstruction of justice. The first issue, concerning the warrantless vehicle search, is resolved by an opinion issued simultaneously with this summary order. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

**1.     The District Court Did Not Err in Denying Jones's Motion to Suppress the Evidence Seized from the Search of 232 Westland Street.**

Jones argues that the district court erred in denying his motion to suppress evidence seized from a search of his apartment at 232 Westland Street. More specifically, he contends that law enforcement officers entered the second floor of 232 Westland Street unlawfully, used information gained during that unlawful entry— *i.e.*, the presence of a money counter—to acquire a search warrant for the second floor, and could not have acquired the second-floor search warrant without this "tainted" information. We disagree. Assuming *arguendo* that law enforcement officers entered the second floor of 232 Westland Street unlawfully, performed an unauthorized protective sweep, and that information relating to the money counter must thus be excised from the subsequent search warrant affidavit, there remained sufficient probable cause to support the issuance of the search warrant for the second floor.

When an application for a search warrant includes both tainted and untainted evidence, "the warrant may be upheld if the untainted evidence, standing alone, establishes probable cause." *Laaman v. United States*, 973 F.2d 107, 115 (2d Cir. 1992). We review *de novo* the district court's ruling on whether any untainted portions of an affidavit suffice to establish probable cause. *United States v. Canfield*, 212 F.3d 713, 717

3

(2d Cir. 2000). It is well settled that "[p]robable cause is 'a practical, commonsense decision whether, given all the circumstances set forth in the affidavit. . . , including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Id.* at 718 (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). Here, taken together, several facts set forth in the search warrant affidavit show that it was reasonable for law enforcement officers to believe that they would find evidence of drug trafficking on the second floor of 232 Westland Street, notwithstanding the excision of the money-counter evidence from the affidavit. For example, (1) Tyson told law enforcement officers that he bought crack cocaine from Jones on the third floor of 232 Westland Street; (2) Jones told law enforcement that he lived on the second floor of 232 Westland Street and had nothing on the third floor; and (3) Drug Enforcement Administration Task Force Officer James Campbell, based on his training and experience, knew that narcotics traffickers frequently maintain evidence concerning their narcotics activities in their residences, *see* Gov't App. 24–25 at ¶ 18 ("Search Warrant Affidavit").

**2.    The District Court Did Not Err in Permitting Madelaine Rivera to Testify Regarding Prior Drug Trafficking Activities She Engaged in With Jones.**

Jones asserts that the district court violated Federal Rule of Evidence 403 by permitting Madelaine Rivera, an indicted co-conspirator and close friend of Jones, to testify about drug trafficking activities she engaged in with him in the years preceding the conspiracy charged in the indictment. Again, we disagree.

We review evidentiary rulings "for abuse of discretion, reversing only if we find manifest error." *United States v. Al Kassar*, 660 F.3d 108, 123 (2d Cir. 2011). In addition, "we accord great deference to the district court's assessment of the relevancy and unfair

prejudice of proffered evidence, mindful that it sees the witnesses, the parties, the jurors, and the attorneys, and is thus in a superior position to evaluate the likely impact of the evidence." *United States v. Quinones*, 511 F.3d 289, 310 (2d Cir. 2007) (internal quotation marks omitted).

We have observed "that it is within the [district] court's discretion to admit evidence of prior acts to inform the jury of the background of the conspiracy charged, in order to help explain how the illegal relationship between participants in the crime developed, or to explain the mutual trust that existed between coconspirators." *United States v. Rosa*, 11 F.3d 315, 334 (2d Cir. 1993). The district court permitted Rivera to testify about her prior narcotics dealing relationship with Jones because it was probative of their relationship of trust, specifically of how the *illegal* nature of that relationship developed over time.

Nevertheless, Jones argues that Rivera's testimony on this topic was more prejudicial than probative, and thus violated Rule 403, because there was ample other evidence demonstrating the close personal relationship between the two and because the testimony she gave regarding the prior narcotics dealings was more detailed than her testimony regarding the charged conspiracy. Based on our review of the record, and mindful of the discretion afforded trial judges on evidentiary rulings, *see Quinones*, 511 F.3d at 310, we cannot conclude that the district court abused its discretion in admitting Rivera's testimony on her past criminal relationship with Jones.

First, the other "ample" evidence to which Jones refers did not establish the illegal dimension of the relationship between him and Rivera. Second, nothing in Rivera's testimony about prior narcotics dealings was "more inflammatory than the charges alleged in the indictment." *United States v. Abu-Jihaad*, 630 F.3d 102, 133 (2d Cir. 2010). Third, the district court twice instructed the jury that it could only consider

Rivera's testimony "for the limited purpose of determining whether or not it shows the development of a relationship of trust between Ms. Rivera and Mr. Jones." App. 514. Any resulting unfair prejudice did not substantially outweigh the testimony's probative value, *see* Fed. R. Evid. 403, and the district court did not abuse its discretion in admitting this testimony, *see Al Kassar*, 660 F.3d at 123.

**3.      The District Court Properly Instructed the Jury Regarding the Inferences it Could Draw From the Sole Occupancy of a Vehicle.**

We review *de novo* a challenge to a district court's jury instructions. *United States v. Lange*, 834 F.3d 58, 75 (2d Cir. 2016). "A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury of the law." *Id.* Where "the charge, viewed as a whole, demonstrates prejudicial error," we will reverse a conviction. *Id.*

There is no dispute that the district court's jury instruction regarding the inferences the jury could draw from the sole occupancy of a vehicle was legally correct. Instead, Jones argues that, because a central component of the government's case was the argument that contraband belonged to Jones because he was the last person inside the vehicle containing the contraband, the district court's use of the sole occupancy of a vehicle as an example in its jury instructions was unfair.

Despite Jones's contention, the district court's jury instruction was fair to both parties. While the district court did instruct the jury that "if the defendant was the sole occupant of a residence or a vehicle, that is significant evidence that the defendant knew about items in the residence or vehicle," App. 555–56, it also instructed the jury, in the subsequent sentence, "that the defendant's sole ownership or control of a residence or vehicle *does not* necessarily mean that the defendant had control and possession of the items found in it," App. 556 (emphasis added). Moreover, the district

6

court's instruction did not undermine the "defense theory [that] it was Ms. Rivera, and not Mr. Jones, who placed items in the car." Br. of Defendant-Appellant at 58. To the contrary, the district court's instructions explicitly invited the jury to credit that theory if it was supported by the evidence presented at trial. We thus find no error in the district court's sole-occupancy instruction.

**4. The District Court Properly Applied a Sentencing Enhancement for Obstruction of Justice.**

At sentencing, and over Jones's objection, the district court applied an obstruction of justice enhancement to the applicable sentencing guidelines under U.S.S.G. § 2D1.1(b)(15)(D) for Jones's testimony at the suppression hearing. When, as here, a district court applies a sentencing enhancement based on perjured testimony, the court must find by a preponderance of the evidence that the defendant intentionally gave false testimony as to a material matter. *United States v. Thompson*, 808 F.3d 190, 194–95 (2d Cir. 2015) (per curiam). Such testimony includes a "statement . . . that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1 cmt. n.6. We review a district court's application of an enhancement under the Guidelines *de novo* and factual determinations underlying a district court's Guidelines calculation for clear error. *United States v. Rowland*, 826 F.3d 100, 116 (2d Cir. 2016), *cert. denied*, 137 S. Ct. 1330 (2017) (mem.).

At the suppression hearing, defense counsel stated that Jones would testify about "the facts surrounding his initial seizure and communications in the area of 232 Westland." App. 87–88. During the government's cross-examination, defense counsel objected that the government's line of questioning exceeded its permissible scope for the hearing. The district court overruled defense counsel's objection. Jones went on to testify *inter alia* that: (1) he did not provide crack to Tyson or Rivera, including at 232

7

Westland Street; (2) he did not see Rivera or Tyson on December 18, 2012, the date on which he was arrested; (3) he did not inform Officer Campbell that he lived at 232 Westland Street; and (4) he was not aware of any narcotics trafficking that occurred out of 232 Westland Street.

Jones first argues that the enhancement should not apply because his objection to the government's questions should have been sustained. But even assuming *arguendo* that the district court erred in allowing the government's questions, Jones was not permitted to commit perjury. Jones further contends that the enhancement does not apply because his testimony was not material to the district court's determination. He is wrong. At issue at the suppression hearing was whether the evidence seized from 232 Westland Street and the Dodge Magnum should be admitted. Officer Campbell, who was the government's sole witness, testified about the officers' investigation in this case. Jones's testimony was inconsistent with Officer Campbell's testimony in important respects, including that Jones had met with Rivera and Tyson on December 18, 2012 and had provided them with drugs, and that Jones had stated that he resided at 232 Westland Street. As the district court noted in applying this enhancement, Jones also stated that he was unaware of any narcotics trafficking out of 232 Westland Street. To the extent that such testimony contradicted Officer Campbell's, in addition to being material to whether the government had evidence constituting probable cause, Jones's testimony also tended to undermine Officer Campbell's credibility. It was, therefore, a statement that, if believed, would tend to affect the issue under determination. *See* U.S.S.G. § 3C1.1. cmt. n.4(F), cmt. n.6.

Finally, the district court did not err in finding that Jones's statements were false. His testimony was inconsistent with the jury's verdict and implausible based on the evidence introduced at trial. For example, although Jones testified that he was not

8

aware of any narcotics trafficking out of 232 Westland Street, the government introduced evidence that it found narcotics and paraphernalia in his apartment at this location, and Rivera testified that she saw Jones there with drugs on multiple occasions.

## CONCLUSION

For the foregoing reasons, and in conjunction with the opinion issued simultaneously, we **AFFIRM** the district court's judgment of conviction and sentence.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk